UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICHARD FISCHER,

    Plaintiff,

v.                                                                             Case No. 10-C-870

JUDY SMITH and RICK RAEMISCH,

    Defendant.

**ORDER**

Plaintiff Richard Fischer, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at Oshkosh Correctional Institution.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. Further, he has been

assessed and has paid an initial partial filing fee of $9.13. Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the

2

Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Here, according to the complaint and attached documents, plaintiff was accidentally hit in the face by a softball on July 12, 2008 while he was watching a game. He is suing the warden of the Oshkosh Correctional Institution as well as an administrator from the Wisconsin Department of Corrections and claiming that they were deliberately indifferent to his medical needs. Plaintiff claims that he met with a doctor on July 18, 2008 and the doctor suggested surgery. But plaintiff complains that the surgery was not performed until August 20, 2008. Specifically plaintiff claims that it took too long for his surgery to be approved by the defendant Rick Raemisch at the Wisconsin Department of Corrections. He further claims that the surgery was not successful because it left him with an improperly healed zygomatic arc, discomfort, and a permanent scar.

Although plaintiff has alleged that he was denied a right protected by the Constitution, he does not seem to allege personal involvement of the defendants he has sued. The mere fact that the defendant is employed in a supervisory role at the institution does not suffice. The doctrine of *respondeat superior* does not apply, meaning that the supervisor will not be held accountable for the actions of those underneath him unless the supervisor's own acts are implicated. In other words, liability under § 1983 must be based on the defendant's personal involvement in the constitutional violation. *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995). Here plaintiff claims that Judy Smith is the warden and is therefore "responsible for all inmates health and safety." Plaintiff also alleges that defendant Rick Raemisch, the Secretary of the Wisconsin Department of Corrections, "took too long" in approving the surgery. (Complaint at 3.) A prisoner may proceed, at least at this stage of the proceedings against an administrator or person in apparent authority. *See Duncan v. Duckworth,* 644. F.2d 653, 655 (7th Cir. 1981) (holding that prisoner who claimed unreasonable

delay in treating his medical condition may name hospital administrator or person in apparent authority at least at pleading stage until he can identify person actually responsible). While it is highly questionable whether plaintiff will be able to show that either the Warden or the Secretary of the Wisconsin Department of Corrections knew about his medical condition and were personally involved in decisions related plaintiff's surgery, plaintiff will be allowed to proceed on his claim at least for now.

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $340.87 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** pursuant to a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin. The Department of Justice will inform the Court within 21 days from the date of the NEF of the names of the defendants on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the defendant.

The Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the plaintiff's complaint.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in § 1915A precludes a defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my analysis or believes I have overlooked something during my screening.

Dated this __9th__ day of November, 2010.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge