UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICHARD FISCHER,

       Plaintiff,

v.                                                                                                 Case No. 10-C-870

JUDY SMITH and RICK RAEMISCH,

       Defendants.

**DECISION AND ORDER**

Pro se plaintiff Richard Fischer brought this § 1983 case against Judy Smith and Rick Raemisch ("Defendants") alleging violations of his civil rights. Defendants have moved for summary judgment on two grounds, contending Fischer failed (1) to exhaust his administrative remedies and (2) to plead personal involvement of the defendants. Summary judgment is appropriate when "there is no genuine issue of material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). For the reasons discussed below, Defendants' motion will be granted.

**1. Exhaustion**

Defendants' motion for summary judgment first asserts an affirmative defense based on Fischer's failure to exhaust his administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (concluding that failure to exhaust is an affirmative defense). Exhaustion is a requirement imposed by the Prison Litigation Reform Act of 1995. In a nutshell, a prisoner plaintiff must give state authorities a first crack at resolving problems before he can make a federal case out of the

matter. 42 U.S.C. § 1997e(a). Furthermore, this requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In Wisconsin, the Inmate Complaint Review System (ICRS) is the administrative remedy available to inmates with complaints about prison conditions. Wis. Admin. Code § 310.01(2). Under the ICRS, prisoners must file an inmate complaint within fourteen days of the event or problem in question. § 310.09(6). The appropriate reviewing authority then makes a decision within ten workings days. § 310.12(1). If an inmate is dissatisfied with the reviewing authorities decision, he has ten days to file an appeal by filing a request for review with the corrections complaint examiner ("CCE"). § 310.13(1). Upon good cause, the CCE may accept appeals filed later than ten days after receipt of the decision. § 310.13(2).

Defendants contend three of Fischer's relevant offender complaints under ICRS were not exhausted: OSCI-2008-24547 (hereinafter, "24547"), OSCI-2008-25057 (hereinafter "25057") and OSCI-2008-25391 (hereinafter "25391"). I will discuss each of these in turn.

The Oshkosh Correctional Institution ("OSCI") Inmate Complaint Examiner received Fischer's 25057 complaint on September 19, 2008. (DPFOF ¶ 27.) In this complaint, Fischer alleged his face was not fixed after surgery. (*Id.*) On September 23, 2008, the OSCI rejected complaint 25057 and sent a copy to Fischer, attaching a notice of the ten day period for appeals. (*Id.* ¶¶ 28, 29.) Fischer did not appeal 25057's rejection. (*Id.* ¶ 30.) As complaint 25057 was never appealed, Fischer has clearly failed to exhaust his administrative remedies with respect to this complaint.

On September 15, 2008, Fischer filed complaint 24547, complaining he was told his surgery was a failure. (*Id.* ¶ 20; Aff. Of Thomas J. Gozinke, Ex. 1001 at 1, 3.) Fischer filed his 25391 complaint on September 25, 2008, alleging that it took too long for him to have surgery. (DPFOF

2

¶ 31; Gozinske Aff., Ex. 1003 at 1–2.) Complaints 24547 and 25391 were both dismissed on October 7, 2008. (DPFOF ¶¶ 22,33.)

Fischer tried to appeal the dismissal of complaints 24547 and 25391 in a letter dated October 15, 2008. (DPFOF ¶¶ 36, 37.) On October 22, 2008, the CCE office wrote back, explaining that Fischer was supposed to submit the original appeal and had instead submitted a carbon copy. (*Id.* ¶ 37, Gozinske Aff., Exs. 1001 at 12, 1003 at 30.) Per this request, Fischer re-submitted the documents, this time in their original form, on October 30, 2008. (DPFOF ¶ 40.) The CCE promptly acknowledged receipt of the appeals for complaints 24547 and 25391, and then recommended dismissal of the offender complaints on the basis they were not timely filed, with no good cause offered by the inmate for the late submission. (*Id.* ¶ 41.) On November 3, 2008, the Department of Corrections Secretary's designee dismissed offender complaints 25391 and 24547 on the ground that the inmate did not timely file an appeal to the CCE. (*Id.* ¶ 42.) Defendants contend because Fischer failed to follow the proper procedures in a timely manner, he has failed to exhaust his administrative remedies. (Def. Br. in Supp., 12.)

It is not for this Court to determine what kinds of untimely complaints the state should allow to be filed; otherwise a state's time limit could simply be ignored and an inmate could come straight to federal court. *See Smith v. Zachary,* 255 F.3d 446, 451 (7th Cir. 2001) (stating one of the main purposes of the exhaustion requirement is to provide the prison system "with prompt notice of problems"); *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) (prisoner must file complaints and appeals "in the place, and time, the prison's administrative rules require"). The PLRA does not have a substantial compliance exception; a good faith attempt is not enough. *Zachary*, 255 F.3d at 452. While I am sympathetic to the notion that Plaintiff attempted to appeal in a timely fashion but was penalized for using carbon copies instead of the original forms, he failed

3

to allege that he had "good cause" as allowed by § DOC 310.13 for his subsequent untimeliness and furthermore made no effort to argue in his response to Defendants' motion that his appeal should nonetheless be construed as timely. In other words, if Plaintiff believed that his appeal should have been allowed even though it was late, he should have argued that his use of the wrong form constituted good cause for his tardiness. He did not and thus failed to properly exhaust his administrative remedies with respect to complaints 25391 and 25057.

Plaintiff's pro se complaint presents two claims: "(1) Lengthy delay of medical services [and] (2) Surgery was a failure, now leaving me still injured in pain, and suffering with disfigurement and scarring." (Compl., 8.) As Defendants have demonstrated, Plaintiff's failure to exhaust complaint 25391 bars the first claim in Plaintiff's § 1983 complaint and his failure to exhaust complaints 25057 and 24547 bars the second portion of his § 1983 complaint. Other than a conclusory assertion in his response to Defendants' summary judgment motion that he exhausted his administrative remedies, Plaintiff fails to counter the weight of Defendants' evidence and fails to demonstrate, in any other manner, that he has actually properly exhausted his administrative remedies. (ECF 25 at 3.) Conclusory allegations are insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). I therefore conclude Plaintiff has failed to exhaust his administrative remedies.

## 2. Personal Involvement

Alternatively, and more compellingly, Defendants argue they had no personal involvement in the alleged deprivations, and thus any claims against them should be dismissed on this summary judgment motion.

4

Section 1983 does not recognize the doctrine of respondeat superior. *Gomez v. Snyder*, 2007 WL 1469437, *4 (C.D. Ill. 2007). Consequently, an individual cannot be held liable under § 1983 simply because he is the supervisor of someone who engaged in unconstitutional conduct. *Perkins v. Lawson*, 312 F.3d 872 (7th Cir. 2002); *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000). Rather, to impose individual liability under § 1983, a plaintiff must prove the defendant had some personal responsibility for the alleged violation. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). While a defendant's direct participation is not required, a defendant will still satisfy the personal responsibility requirement of § 1983 if he acts (or fails to act) with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at defendant's knowledge or consent. *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982). Personal involvement cannot be established simply by alleging a defendant was notified by letter of an alleged Constitutional violation. *Volk v. Coler*, 638 F. Supp. 1540, 1548 (C.D. Ill. 1986), *aff'd*, 845 F.2d 1422 (7th Cir. 1988).

Neither Smith nor Raemisch has the requisite personal involvement for Plaintiff's claim to survive. Plaintiff maintains the Defendants were personally responsible for his deprivations because they swore in a mission statement for the safety and well being of all inmates, because the Warden "always knows about inmates' injuries" after the filing of complaints, and because the Warden and DOC Secretary are "responsible to make sure their medical staff takes care of all Inmates Professionally" (sic). (ECF 25, at 3.) But beyond this conclusory allegation, Plaintiff has failed to present any actual evidence that either Smith or Raemisch participated personally in any of the alleged deprivations that form the basis of Plaintiff's claim, nor has he presented evidence indicating that any of the challenged actions occurred at Smith's or Raemisch's direction or express consent.

In contrast, Defendants have presented substantial evidence indicating their unawareness, prior to being named as Defendants in this action, of both the incident and subsequent injuries. (DPFOF ¶¶ 10, 16.) Furthermore, neither Defendant was aware of or personally involved in the decision to refer Plaintiff to an off-site medical provider for surgery, or when to make such a referral. (*Id.* ¶¶ 11, 17). Neither Smith nor Raemisch is a medical professional with medical knowledge (*Id.* ¶¶ 8, 9, 11, 13) and neither Defendant is involved in the day-to-day medical or diagnostic decisions made by medical professionals in the OSCI Health Services Unit. (*Id.* ¶¶ 7, 9, 17.) There is, therefore, no evidence indicating Defendants acted with deliberate or reckless disregard of Plaintiff's constitutional rights, or that the conduct causing the constitutional deprivation occurred at Defendants' knowledge or consent. As there is no genuine issue of material fact remaining as to Raemisch and Smith's lack of personal involvement, Defendants' motion for summary judgment is granted.

Accordingly, as Plaintiff has failed to exhaust his administrative remedies and failed to demonstrate the Defendants had any personal responsibility for his alleged violations, Defendants' motion for summary judgment is **GRANTED** and Plaintiff's case is hereby **DISMISSED**.

Dated this   31st   day of August, 2011.

                                                          s/ William C. Griesbach
                                                          William C. Griesbach
                                                          United States District Judge